IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TY KEMPTON,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**LIFE FOR RELIEF AND DEVELOPMENT,** a California corporation,<br><br>*Defendant.* | Case No. 3:18-cv-13404<br><br>Hon. Robert H. Cleland<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Ty Kempton ("Kempton" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Life for Relief and Development, Inc. ("Life for Relief" or "Defendant") to stop Life for Relief from violating the Telephone Consumer Protection Act by sending autodialed text messages to consumers who have not given express consent to receive such messages and to obtain injunctive and monetary relief for all persons injured by Life for Relief's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Life for Relief is a non-profit corporation that purportedly provides aid to countries in Afghanistan, Iraq, Jordan, Lebanon, Pakistan and Syria.[1]

3. In Plaintiff's case, Life for Relief sent approximately 8 unsolicited, unwanted autodialed text messages to his cellular phone.

4. In response to these text messages, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease sending unwanted text messages to consumers' cellular telephone numbers using an automatic dialing system without consent, as well as an award of statutory damages to the members of the Class and costs.

## PARTIES

5. Plaintiff Kempton is a Gilbert, Arizona resident.

6. Defendant Life for Relief is a California nonprofit corporation headquartered in Southfield, Michigan. Defendant conducts business throughout this District, the State of Michigan, and throughout the United States.

---

[1] In 2015 Life for Relief, received $51 Million in contributions. *See* http://www.lifeusa.org/ about. That same year, Life for Relief executives agreed to pay a civil penalty of $780,000 because they "knowingly and willfully formed a conspiracy for the purpose of transferring funds from the United States to Iraq." *See* https://www.treasury.gov/resourcecenter/sanctions/CivPen/Documents/20150325_lrd.pdf.

2

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is registered with the State of Michigan as a foreign non-profit corporation and headquartered in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON ALLEGATIONS

### Life for Relief Solicits Donations by Placing Autodialed Text Messages to Consumers' Cellular Phone Numbers Without Consent

9. In violation of this TCPA, Defendant sends autodialed text messages to consumers without consent.

10. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients,

and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

11.     Life for Relief utilizes services such as SimpleTexting to conduct text message campaigns using an autodialing system. Plaintiff received text messages from shortcode 555-888. This shortcode is owned by SimpleTexting:



[5]

12.     SimpleTexting openly advertises the capacity of its platform to send automated text messages, and text messages sent in a "text blast"[6] to multiple recipients:

[7]

---

[5] https://simpletexting.com/features/
[6] *id*
[7] https://simpletexting.com/features/group-text-from-phone/

4

13. Not surprisingly, there are numerous online complaints about Defendant Life for Relief's autodialed text messages to consumers who never gave consent to be texted:

- "Never subscribed to anything.Not interested! Stop!"[8]

- "Spammed for a donation to http://www.lifeusa.org"[9]

- "Received a text message about Eid Mubarak from this shortcode. Lifeusa.org? I've never heard of them. Right after that, I got another text, despite replying Stop."[10]

## PLAINTIFF'S ALLEGATIONS

### Life for Relief Repeatedly Texted Plaintiff's Cell Phone Number Without Plaintiff's Consent

14. In the latter part of 2017, Plaintiff began receiving unsolicited, autodialed text messages from Defendant.

15. Plaintiff has received approximately 8 unsolicited, autodialed texts.

16. For example, on June 16, 2018 at 5:45 am, Plaintiff received an unsolicited, autodialed text from Defendant using SMS shortcode 545-454 stating, "Eid Mubarak to you and your family from Life for Relief and Development. Please visit us at lifeusa.org. http://www.lifeuse.org/worldcup Reply stop to stop[.]"

---

[8] http://shortcodes.org/uncategorized/545454-short-code/
[9] *id*
[10] http://shortcodes.org/uncategorized/555888-short-code/#comment-11934

5

17. On August 16, 2018 at 7:41 am, Plaintiff received another unsolicited, autodialed text message from Defendant again using SMS shortcode 545-454 stating, "LIFE would like to wish you and your family blessed days.To participate in our Udhiyah/Qurabni program, please visit us at www.lifeuse.org. ReplySTOPtoStop[.]"

18. Plaintiff then received another unsolicited, autodialed text message from Defendant using SMS shortcode 545-454 on August 20, 2018 stating, "Eid Mubarak to you and your family, Life is taking Udhiyah/Qurbani donations until the 3rd day of Eid. Plz Call 1800 8273543 or visit lifeusa.org Reply stop to stop[.]"

19. Plaintiff does not have a relationship with Life for Relief or any of its affiliated companies, nor has he ever requested that Life for Relief send him text messages, or consented to any contact from Defendant.

20. The unauthorized text messages sent by Life for Relief, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Kempton's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

21. Seeking redress for these injuries, Kempton, on behalf of himself and the Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Text Messages sent by, or on Behalf of Life for Relief**

22.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) called/texted, (2) on the person's cellular telephone number, (3) using substantially similar equipment as used to call/text Plaintiff, and (4) for whom Defendant (a) claims to have obtained prior express consent in the same manner as Defendant claims to have obtained prior express consent to call Plaintiff, or (b) does not claim to have obtained prior express consent.

23.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

24. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

25. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant utilized an automatic telephone dialing system to send text messages to Plaintiff and the members of the Class;
>
> (b) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

27. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

28. Plaintiff repeats and realleges paragraphs 1-27 of this Complaint and incorporates them by reference herein.

29. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

30. These solicitation text messages were sent en masse without the consent of the Plaintiff and the other members of the Autodialed No Consent Class.

31. Defendant did not have consent from the Plaintiff orally or in writing to text him.

32. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

33. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**TY KEMPTON**, individually and on behalf of those similarly situated individuals

Dated: February 1, 2019

/s/ George Blackmore
George T. Blackmore (P76942)
BLACKMORE LAW PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
Telephone: (248) 845-8594
Facimile: (855) 744-4419
E-Mail:george@blackmorelawplc.com
*Local Counsel for Plaintiff and the putative Class*

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

11

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2019, a copy of the foregoing document was filed via the Court's CM ECF filer system, causing a true and correct copy to be sent to all counsel of record.

/s/ George Blackmore